The judgment of the court was pronounced by
Slidell, J.
On the 5th June, 1849, the plaintiffs sold to Galbraith twenty-seven hogsheads of tobacco for $1803 60 cash, and delivered to him the warehouse certificates. The nature and effect of such instruments are declared by the act of 1846, p. 127, sec. 14: “This certificate shall be transferable by endorsement or otherwise, which shall be evidence of its delivery. When the legal holder of the certificate shall call for the delivery of the tobacco, it shall be the duty of the inspectors to have the hogsheads promptly delivered.” Two days after the sale Galbraith transferred the certificates to Warneken and Kirchhoff, merchants in New Orleans, and obtained from them cash advances. He neglected to pay his vendors for the tobacco, .although repeatedly called upon, with the exception of $200 paid on the 19th June, 1849 ; and after waiting till the 29th June, the plaintiffs sequestered the tobacco at the warehouse. Subsequently, on the 18th July, 1849, they caused the certificates to be sequestered in the hands of Warneken and Kirchhoff, and cited them to set up any claim to which they were entitled against the tobacco. Warneken and Kirchhoff, appeared and alleged that Galbraith owed them for their advances as commission merchants; that when they made the advances upon the credit of the tobacco he put it in their hands to be sold; that they had a privilege for their advances, and that the plaintiffs had lost their privilege as vendors.
The argument on the part of the plaintiffs maintains that Warneken and Kirchhoff have no privilege as commission merchants on the tobacco, because it *349 was not placed in their hands for sale by them; and that they have no privilege as vendors, because no formal act of pledge, as required by our code, was made; that the possession has not, in legal contemplation, so passed out of their vendee as to destroy their privilege. Wameken and Kirchhoff maintain the opposite propositions, contending that they have a privilege under the art. 3214, and that the privilege is gone by the change of possession.
The facts proved at the trial are, in substance, as follows: when Wameken and Kirchhoff made the advances, the tobacco was put into their 'hands by the transfer of the certificates; and it was agreed that the tobacco should be sold, and the proceeds applied to the payment of the advances; but it was also agreed that Galbraith might attend himself to the sale, or employ some one else to effect it.
The question is not before us, whether the creditors of Galbraith could have reached this properly by fieri facias or attachment, so as to defeat the alleged preference of Warneken and Kirchhoff. The plaintiffs have attackccfthe property by sequestration in virtue of an alleged privilege as vendors. If, under the facts of the case, the vendors’ privilege still existed as against, the defendants Warneken and Kirchhoff, at the date of the sequestration, the action must be maintained i otherwise the judgment of the district court must be affirmed.
The privilege of the vendor rests upon the following article of our code: “He who has sold to another any moveable property, which is not paid for, has a preference on the price of this property over the other creditors of the purchaser, whether the sale was made on a credit or without, if the property still remains in the possession of the purchaser.” Art. 3194.
In the present case the possession has passed from the purchaser into the hands of parties, who in good Faith have advanced their money upon the credit of the goods, of which Galbraith was the ostensible owner. Whether the transaction is covered or not by the article 3214, so as to clothe the debt to Warneken and Kirchhoff with a privilege, it is at least clear that Galbraith could not take the property out of their hands without first paying them. He has clearly lost the present right of possession. Do the plaintiffs, as vendors, stand in a better position? We think'not. Under a literal application of the code, it cannot be said that the possession remains in the purchaser; and the well settled principle that privileges are stricti juris, forbids us to give an enlarged and liberal interpretation to its language, especially where the equity in favor of the adverse party is manifestly stronger than the plaintiffs can assert. For by their incautious delivery of possession they enabled Galbraith to appear as the unqualified owner of the goods, and so get credit in the market. It is more just that the consequences of their misplaced confidence should fall upon themselves than upon an innocent third person, whom they enabled Galbraith to deceive.
Judgment affirmed, with costs.